IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD BANKS, :
    Plaintiff :
   v. : Case No. 3:21-cv-144-KAP
JOHN E. WETZEL, Secretary, :
Pennsylvania Department of Corrections,:
*et al.*, :
    Defendants :

## Memorandum Order

Plaintiff Donald Banks, while an inmate at S.C.I. Albion, filed a *pro se* complaint in August 2021 subject to the Prison Litigation Reform Act. Banks consented to magistrate judge jurisdiction, and he sought and was granted leave to proceed *in forma pauperis*. Banks alleged that while he was at S.C.I. Somerset on June 10, 2020, corrections officer Beck violated his constitutional rights when Beck punched Banks without cause. Screening the complaint, I found this adequately stated a claim against Beck, s*ee* Whitley v. Albers, 475 U.S. 312, 319-320 (1986), and I ordered service on Beck in August 2021.

Banks also sought to sue other Pennsylvania Department of Corrections personnel for their alleged failure to have a proper policy that would have prevented Beck's alleged assault, or for their failure to investigate the assault and punish Beck appropriately. I dismissed those claims with leave to amend. Banks never amended his complaint, but the Court of Appeals ruled (in a different case) early in 2022 that absent consent from the affected defendant, the consent of the plaintiff to magistrate judge jurisdiction does not allow final judgment in favor of a defendant. Banks can therefore still amend his complaint as to Wetzel, Tice, and Barnacle.

Personal service of the complaint was not effected on Beck until May 2022. Beck appeared through counsel and filed a motion to dismiss because service was not timely. ECF no. 31. Counsel then appeared for Banks. I held a status conference at which it came to light that in May 2022 Banks had by writ of summons commenced a counseled suit alleging claims stemming from the same June 10, 2020 incident against Beck, the PADOC defendants, and additional defendants in the Court of Common Pleas of Philadelphia County. That suit was removed to the Eastern District of Pennsylvania *sub nom*. Banks v. Pennsylvania Department of Corrections, Case No. 2:22-cv-3184-MMB (E.D.Pa.). Looking at the docket for that case, Banks voluntarily dismissed that complaint as to two defendants on October 25, 2022, and dismissed the complaint as a whole without prejudice on November 7, 2022.

1

The motion to dismiss at ECF no. 31 is denied. Although Beck makes cogent arguments about the delay in service, Rule 4(c)(3) makes it the responsibility of the Court to effect service for a plaintiff proceeding *ifp*. In the absence of any dilatory conduct by Banks, I cannot dismiss the complaint for delay that is the court's responsibility.

Whether discussions relevant to this matter were had between counsel for Banks and counsel for the other defendants in the Eastern District of Pennsylvania I do not know, but if Banks intends to file an amended complaint in this matter he shall do so promptly and seek waiver of service or make service or seek Marshal's service on any defendants proposed to be added. At present this is a consent case. That may change if and as additional parties appear, but for now the Rule 16 order previously issued is amended as follows:

1. Any motion other than those mentioned in ¶2 and ¶3 below shall be accompanied by a memorandum of law and responded to within twenty days.

2. Discovery shall be completed by February 28, 2023. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of discovery motions shall not stay discovery.

3. Motions for summary judgment shall be filed on or before March 31, 2023. Motions for summary judgment shall be responded to by the opposing party within thirty days.

4. The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided.

5. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before April 30, 2023, and defendant's pretrial statement shall be filed on or before May 31, 2023.

DATE: December 13, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record